**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

YONEL VICTOR,

Petitioner,

v.

KEVIN GRATHWOHL, *in his official capacity as Warden, Butler County Corrections Center*, et al.,

Respondents.

Case No. 1:26-CV-1020

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Yonel Victor's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondents have filed a Return and Response in Opposition. (Doc. 8).

Petitioner, a native and citizen of Haiti, entered the United States through a designated port of entry on May 28, 2022, and was inspected by an immigration officer He was granted humanitarian parole and shortly thereafter applied for asylum. Prior to the administration's revocation of Temporary Protected Status ("TPS") for Haitian citizens, Petitioner applied for and received a C08 Employment Authorization Document ("EAD"),[1] which remains valid through July 11, 2029.

On August 20, 2026, Petitioner's vehicle was stopped by Immigration and Customs Enforcement ("ICE") agents in Springfield, Ohio. According to Petitioner, an

[1] The C08 category authorizes employment for noncitizens whose asylum applications have been pending for more than 180 days.

agent asked whether he had any children, after which he was taken into custody and transported to the ICE Enforcement and Removal field office in Columbus before being transferred to the Butler County Jail. Petitioner alleges that he was not presented with a warrant at the time of his arrest and that ICE did not allow him an interpreter to translate subsequent documents into Haitian Creole, his native language. ICE documents attached to the Petition show that agents inaccurately reported Petitioner's date and place of entry, and incorrectly claimed that Petitioner had been previously subject to an order of expedited removal. (Doc. 1-4, PageID 40-41).

Although Petitioner requested a custody redetermination hearing, an Immigration Judge denied bond on September 24, finding "[n]o jurisdiction." (Doc. 1-1, PageID 35). The instant Petition followed, with Petitioner asserting that his arrest was unlawful and that the loss of parole "does not provide a basis for continuing detention." (Doc. 1, PageID 5). Petitioner contends that, "had ICE conducted a meaningful pre-arrest escape assessment, officers would have confirmed that in addition to his pending asylum application, Petitioner also had a current work permit, was employed, and had strong ties in the Springfield community." (*Id.*, PageID 7).

Respondents argue that "Petitioner is currently detained pursuant to a valid [post-]arrest warrant . . . regardless of the propriety of Petitioner's initial warrantless arrest," and the Sixth Circuit precedent announced in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), "does not apply in this situation" because "Petitioner is an

arriving alien who is an applicant for admission, actively seeking admission to the United States." (Doc. 8, PageID 84, 89).

The undersigned has unequivocally resolved this question, most recently in *Calixte v. Putra* by finding that, "[a]lthough *Lopez-Campos* involved noncitizens who entered [the country] without inspection, that factual difference does not answer the statutory question at issue." ___ F.Supp.3d ___, No. 1:26-CV-1015, 2026 U.S. Dist. LEXIS 242317, at *5 (S.D. Ohio Oct. 16, 2026). Ultimately, just as in *Calixte* and countless other cases, 28 U.S.C. § 1226(a) "govern[s] the detention of a previously paroled noncitizen arrested in the interior," and the expiration of parole "does not . . . by operation of law, subject [a petitioner] to mandatory detention under [28 U.S.C.] § 1225(b)(2)(A) following a subsequent arrest in the interior." *Id.*, at *6.[2]

Petitioner was arrested and detained without a warrant, and he has been in custody for over two months. He was not charged with a crime, nor has he been ordered removed from the country. While the Court has, in the past, typically ordered such violations to be cured with constitutionally compliant bond hearings before an IJ, it is now abundantly clear that absent a direct order from the undersigned or another District Judge, noncitizens are highly unlikely to receive the relief to which they are entitled in immigration court.

Thus, in accordance with the Court's broad discretion "to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775

---

[2] The Court also finds, as it has previously, that mandatory detention under these circumstances violates Petitioner's due process rights under the Fifth Amendment. *See, e.g.*, *Calixte*, 2026 U.S. Dist. LEXIS 242317, at *6-8.

(1987) (quoting 28 U.S.C. § 2243), the Petition for a Writ of Habeas Corpus is **GRANTED**.[3] Respondents are **ORDERED** to **immediately release** Petitioner from custody subject only to the conditions of supervision, if any, that existed prior to Petitioner's arrest.

Respondents **SHALL** file a status report with the Court on or before November 5, 2026, to certify compliance with this Order. Furthermore, Respondents are **ENJOINED** from re-detaining Petitioner, absent exigent circumstances, without first providing notice and a pre-deprivation hearing.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

[3] As a result, the Motion to Dismiss filed by Respondent Grathwohl is **DENIED** as moot.